THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CALVIN BOYCE                                                                                          PLAINTIFF

v.                                          CIVIL NO. 24-CV-05154

LELAND DUDEK,[1] Acting Commissioner                                          DEFENDANT
Social Security Administration

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS

Plaintiff, Calvin Boyce, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382.  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his application for SSI on November 16, 2018, alleging an inability to work since October 23, 2018, due to back problems, headaches, high blood pressure, and learning disabilities. (Tr. 14, 331).  An administrative hearing was held via telephone on April 30, 2020, during which the ALJ informed Plaintiff and counsel that he was retiring in July which would be before a consultative exam could occur and gave Plaintiff the option to postpone the hearing so that the new ALJ could review all of the documents and evidence at that time, which Plaintiff's counsel accepted. (Tr. 41–42). A second administrative hearing was held on August 24, 2021, at

---

[1] Leland Dudek has been appointed to serve as the Acting Commissioner of the Social Security Administration, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

which Plaintiff appeared with counsel and testified. (Tr. 45–93). A partially favorable decision was issued on September 23, 2021, finding Plaintiff became disabled on January 13, 2021, when Plaintiff's age category changed to an individual closely approaching advanced age. (Tr. 10–27). Plaintiff appealed this decision to the Appeals Council and then in U.S. District Court which resulted in a remand. (ECF No. 2, p. 2). On August 2, 2023, the Appeals Counsel vacated the unfavorable portion of the decision for the time period prior to January 13, 2021, to the ALJ. (Tr. 981–84). The ALJ held another administrative hearing on January 3, 2024, at which Plaintiff and counsel appeared via telephone. (Tr. 904, 931–944). Plaintiff and a vocational expert (VE) testified. *Id*.

On April 10, 2024, the ALJ issued an unfavorable decision. (Tr. 901–22). The ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: degenerative disc disease status post-fusion, failed back syndrome, chronic pain syndrome, headaches, intellectual disability, depressive disorder, anxiety, and obesity. (Tr. 906). The ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in 20 C.F.R. Part 404, Subpart P, Appendix I. (Tr. 906–909). The ALJ stated that listings were considered for all the impairments, and explicitly evaluated listing 1.15 for disorders of the skeletal spine, and listings 12.05 and 12.06 for Plaintiff's mental impairments. *Id*. The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform sedentary work as defined in 20 CFR 416.97(a) except [he can] occasional[ly] climb ramps and stairs but never climb ladders, ropes, or scaffolds, occasional[ly] balance, stoop, kneel, crouch and crawl; avoid concentrated exposure to excessive vibration and hazards such as unprotected heights and dangerous moving mechanical parts, can perform simple, routine, and repetitive tasks, make simple work-related decisions requiring little judgment, can concentrate, persist, and maintain pace at simple tasks, and requires simple, direct, and concrete supervision.

(Tr. 910–21).

With the help of a VE, the ALJ determined that Plaintiff had no past relevant work, but would be able to perform the representative occupations of ordinance check weigher, cuff folder, and lens inserter. (Tr. 921–23). The ALJ found Plaintiff had not been under a disability, as defined by the Act, since November 1, 2018. (Tr. 923).

Plaintiff filed this action on July 26, 2024. (ECF No. 2). The parties have filed appeal briefs, and this case is before the undersigned for report and recommendation pursuant to 28 U.S.C. §36(b). (ECF Nos. 11, 15). The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.     Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). So long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § 404.1520(a)(4). The fact finder only considers Plaintiff's age, education, and work experience in light of his or her residual functional capacity if the final stage of the analysis is reached. 20 C.F.R. § 404.1520(a)(4)(v).

**III.     Discussion**

Plaintiff raises the following issues in this matter: 1) whether the ALJ erred in failing properly consider Plaintiff's illiteracy; 2) whether the ALJ erred by failing to properly evaluate Plaintiff's intellectual disability under listing 12.05; 3) whether the ALJ erred by failing to properly account for limitations related to Plaintiff's migraine headaches in the RFC despite finding headaches to be a severe impairment; and 4) whether the ALJ erred at step five by failing to identify

jobs that currently exist in significant numbers in the region where Plaintiff lives or in several regions in the national economy. (ECF No. 11). Defendant argues the ALJ properly evaluated Plaintiff's literacy, properly evaluated Plaintiff's intellectual disorders under Listing 12.05(B), properly evaluated Plaintiff's migraines, and correctly determined that Plaintiff could perform a significant number of jobs in the national economy. (ECF No. 15).

The Court is unable to ascertain from the ALJ's opinion, or from the Defendant's brief, how avoidance of vibration and exposure to hazards accommodates Plaintiff's migraines. As Plaintiff points out, there was no medical evidence or testimony that Plaintiff's headaches were either triggered or exacerbated by vibrations or hazards; there thus exists a disconnect between the RFC findings and the record that is not addressed by the ALJ.

Plaintiff testified that his headaches were triggered by lights, watching TV, and by the sun. (Tr. 72, 941). Plaintiff's symptoms included aura, nausea, vomiting, photophobia, and throbbing/pulsing pain. (Tr. 72, 621, 941). There is no evidence in the record which indicates that Plaintiff's migraine headaches were impacted by vibrations or hazards, and the ALJ does not explain why these limitations were adopted or how they relate to Plaintiff's headaches. (Tr. 917).

Defendant's argument that the ALJ evaluated Plaintiff's testimony and discounted the testimony based upon lack of support from the medical evidence does not explain how the ALJ's RFC limitations are related to Plaintiff's headache impairment. The ALJ did not cite to any testimony or medical evidence showing Plaintiff's migraines were impacted by vibration or that he needed to avoid hazards due to his migraines, leaving Defendant with no justification to address.

This is not a case in which the ALJ found Plaintiff's migraines were not a severe impairment and therefore imposed no limitations—the ALJ found Plaintiff's headaches to be

severe at step two. (Tr. 906). While the Plaintiff bears the burden of proving his RFC, the ALJ cannot find an impairment severe at step two and then later fail to impose any limitations related to that impairment in the RFC. "A finding that an impairment is severe cannot square with a conclusion that it imposes no limitations. It is axiomatic that a severe impairment imposes limitations, and an impairment that imposes no limitations is not severe." *Pickens v. Berryhill*, No. 4:18-CV-212-JLH-BD, 2019 WL 1219707, at *2 (E.D. Ark. Mar. 15, 2019), report and recommendation adopted, No. 4:18-CV-212-JLH-BD, 2019 WL 1449618 (E.D. Ark. Apr. 1, 2019); *see also Franklin v. Comm'r of Soc. Sec. Admin.*, No. 4:20-CV-01037-BSM-ERE, 2021 WL 4950299, at *2 (E.D. Ark. Oct. 25, 2021), report and recommendation adopted, No. 4:20-CV-01037-BSM, 2022 WL 823579 (E.D. Ark. Mar. 17, 2022) ("The ALJ cannot plausibly find at Step Two that Ms. Franklin's impairment significantly limits her ability to perform basic work activities and also disregard the impairment in determining her RFC.").

While the ALJ did assign some limitations related to the Plaintiff's migraines here, there is no logical bridge between Plaintiff's migraines and the limitations adopted and the Court will not resort to speculation as to why the ALJ adopted these specific limitations. *See St. Clair v. Colvin*, 12-cv-4250, 2013 WL 4400832, at *2 (W.D. Mo., Aug. 14, 2013) (citing *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996)); *see also Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) ("This court upholds an ALJ's decision if the evidence supports the decision and the ALJ explains [his] analysis of the evidence with enough detail and clarity to permit meaningful review ... Although an ALJ need not mention every snippet of evidence in the record, the ALJ must connect the evidence to the conclusion[.]") (internal citations omitted).

While the ALJ is not required to find the Plaintiff's limitations testimony persuasive, and is not required to adopt those specific limitations in the ultimate RFC assessment, the ALJ must

make clear how the limitations imposed are related to the impairment. *See Herschel F. v. O'Malley*, No. 1:22-CV-2218-SEB-MG, 2024 WL 983760, at *5 (S.D. Ind. Jan. 19, 2024), *report and recommendation adopted*, No. 1:22-CV-02218-SEB-MG, 2024 WL 1108529 (S.D. Ind. Mar. 13, 2024) (Finding that the ALJ's conclusion that Plaintiff must avoid vibrations when there was nothing to suggest Plaintiff's headaches were impacted by vibration did not adequately explain how headaches limited Plaintiff's ability to work).

The Court believes remand is necessary for the ALJ to more clearly account for all of Plaintiff's limitations in the RFC determination.

### III. Conclusion

Based on the foregoing, it is recommended that the Commissioner's final decision be reversed, and the case remanded back to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of April 2025

*Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE